## Boutwell & a. *vs.* Bartlett & Trustees.

On the 22d day of November, A. D. 1839, the defendant made oath to an assignment of his property for the benefit of his creditors—that he had placed and assigned, and that the true intention of the assignment aforesaid was to place in the hands of his said assignees, all his property of every description, except such as was by law exempted from attachment. The assignees took possession of the property, and while so in possession were summoned by the plaintiff as trustees of the defendant.

The second section of the act of July 5th, 1834, provides that no assignment shall be valid and have effect until the person making such assignment shall have previously made oath, that he has placed and assigned, and the true intention of his assignment was, to place in the hands of his assignees all his property, of every description, except such as is by law exempted from attachment and execution by an act for the relief of poor debtors, passed January 3d, 1829.

*Held,* that as the second section of the act of July 5th, 1834, was imperative, and as the oath taken by the debtor varied in a material particular from the prescribed form, the assignment was invalid, and the assignees chargeable as trustees.

Foreign Attachment. It appeared, from the disclosure of the trustees in this case, that on the 22d day of November, A. D. 1839, the defendant made an assignment of his property to the trustees, for the benefit of his creditors. On the same day the trustees took possession of the property by virtue of the assignment. They have since sold a portion of the property, and the remainder is now in their possession, and was so at the time of the service of the trustee process upon them.

On the back of the assignment is the certificate of the oath administered to the defendant. From that it appears that on the day of the date of the assignment he made oath " that he has placed and assigned, and that the true intention of the assignment aforesaid is to place in the hands of his said assignees, all his property of every description, except such as is by law exempted from attachment, to be divided amongst his creditors in proportion to their respective claims."

Upon the filing of the disclosure, the plaintiffs objected, that the oath was not in pursuance of the statute of July

5th, 1834; that consequently the assignment was void, and the assignees were chargeable as trustees.

*Fox, & B. M. Farley,* for the plaintiffs.

*C. H. Atherton,* for the trustees.

GILCHRIST, J.   The second section of the act of July 5th, 1834, 2 *N. H. Laws* 145, entitled " an act for the equal distribution of property assigned for the benefit of creditors," provides, " that no assignment shall be valid and have effect, until the person or persons making such assignment shall have previously made oath that he has placed and assigned, and the true intention of his assignment was, to place in the hands of his assignees all his property of every description, except such as is by law exempted from attachment and execution by an act for the relief of poor debtors, passed January 3d, 1829, to be divided among their creditors in proportion to their respective demands."

At the date of this assignment, certain articles were exempted from attachment and execution, which were not so exempted by the act of January 3d, 1829.   The act of June 30th, 1837, 2 *N. H. Laws* 308, exempts " one cooking stove and the furniture belonging to the same," from attachment and execution.   The defendant has made oath that he has assigned all his property, " except such as is by law exempted from attachment."   He does not violate this oath by an intention to keep a " cooking stove and furniture" for his own use.   But if he had taken the oath prescribed by the act of June, 1834, as a cooking-stove and furniture were not exempted from attachment and execution by the act of January 3d, 1829, proper evidence of an intention to secrete such property would have proved him to be guilty of perjury in this respect, although such evidence would not have proved a violation of the oath administered to the defendant on this occasion.

As the legislature have acted on the subject of property exempted from attachment since the passage of the act of June, 1834, and have provided that other property than that mentioned in the act of January, 1829, shall be exempted from attachment, we are bound to presume that it was their intention, in cases of voluntary assignments, to establish a different rule from that which should obtain where the property of a debtor was attached by process of law.

But whatever reason might be given for their proceedings, we are bound by the law as it is laid down to us. As the act of June, 1834, is imperative, and provides that " no assignment shall be valid and have effect" until the assignor takes the oath prescribed by the second section of the statute ; and as the oath in this case varies from the prescribed form, in a material particular, the judgment of the court is, that the assignment is invalid, and that consequently the assignees are chargeable as trustees.

*Trustees charged.*